# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, WESTERN DISTRICT
### AT CINCINNATI

MARGARET LASCANO, on behalf of herself and all others similarly situated, as individuals,

                    Plaintiff,

  v.

AFSCME, OHIO COUNCIL 8, a labor corporation, and the CITY OF CINCINNATI, OHIO,

                    Defendants.

Case No. 1:22-cv-00102

**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES**

**JURY DEMAND**

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

## INTRODUCTION

1.      The First Amendment prohibits government employers and unions from compelling employees to financially support a union's expressive activities. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018). Defendants City of Cincinnati and AFSCME, Ohio Council 8 compel employees who are not union members, such as Plaintiff Margaret Lascano, to financially support AFSCME's expressive activities by taking the employees' accrued vacation time and transferring its value to a "Union Release Time Bank" that compensates union agents for engaging in expressive union activities. In this civil rights action, Lascano seeks a declaratory judgment that Defendants' policy violates the First Amendment, an injunction that enjoins Defendants from enforcing their policy, and retroactive relief for the injuries employees suffered as a result of Defendants' policy.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, because this case arises under the First and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief, including preliminary and permanent injunctive relief.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and intra-district assignment to the Western Division at Cincinnati, Ohio is proper, because the claims arise in this judicial district and division and Defendants do business and operate in this judicial district and division.

## PARTIES

4.      Plaintiff Margaret Lascano is a public employee who works for the City of Cincinnati as a medical assistant, and has done so since February 2006.

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES

2

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

5.     Defendant City of Cincinnati ("the City") is an Ohio municipal corporation that can sue and be sued in its own name. *See* Ohio Revised Code § 715.01.

6.     Defendant AFSCME, Ohio Council 8 ("AFSCME") is a labor union that acts as the exclusive representative of approximately 1,800 City employees, including Lascano. AFSCME's principal place of business is 6800 N. High St., Worthington, OH 43085-2512.

## STATEMENT OF FACTS

7.     On June 27, 2018, the U.S. Supreme Court in *Janus* held that it violates the First Amendment for a government employer and union to compel employees to subsidize a union and its expressive activities. 138 S. Ct. at 2486. The Court reasoned that a public-sector union's activities—such as bargaining with the government, administering collective bargaining agreements, and seeking redress of employee grievances—are expressive activities that address matters of public concern and that are political in nature. *Id*. at 2640, 2474, 2475, 2477. The Court concluded that "[n]either an agency fee nor any other payment to the Union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Id*. at 2486.

8.     On December 12, 2019, the City and AFSCME executed a collective bargaining agreement ("CBA") that became effective on August 11, 2019 and expires August 6, 2022. The CBA covers approximately 1,800 bargaining unit members, including Lascano.

9.     CBA Article 8(D) requires that employees, as a condition of their employment, contribute accrued vacation time to a Union Release Time Bank that pays AFSCME's agents to conduct union business. CBA Article 8(D) states:

> Effective January 1, 2014, AFSCME members shall donate four (4) hours per year to a Union Release Time bank. Members' funding shall be deducted on a proportional basis. Upon ratification, the Presidents or Vice Presidents as needed of Locals 240, 250, and 1543

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES

3

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

shall be released full-time to conduct union business, without a loss of pay or benefits, to be covered by the Union Release Time bank. Any unused donated Union Release time shall rollover from year to year. In addition, the City will put in two-thousand (2,000) hours into the Union Release time bank from the unused 2013-14 year allotment. The parties will meet on a quarterly basis to review all used union release time.

Union release time may be used for the purpose of conducting Union business related to contract administration, representation of bargaining unit members, education seminars and trainings, and other forms of Union business. Local officers and stewards shall receive their full salary and benefits to which they are normally entitled to receive when using union release time.

Time off for the deliberation of the Union's Negotiating Committee shall not be deducted from the Union Release, time bank. Time off for deliberations may not begin prior to four (4) months before the contract expiration date. Approval for such time off shall not be unreasonably denied. Likewise, time off for the following circumstances shall not be deducted from the Union Release time bank: attendance at City-sponsored committees or mutually beneficial events such as, and similar in scope to United Way meetings and City Retirement Board Meetings; disciplinary matters; and grievance and arbitration proceedings.

The usage of this leave time shall be increments of no less than 1/2 hour. Hours used by Presidents, Vice Presidents, Stewards, or Union designees at monthly LMC committee meetings at which all LMC members are scheduled to be present, and contract negotiations shall not be deducted from the Union Release time bank.

Local Union Presidents, Vice Presidents, Stewards, and Union designees shall be required to complete a Form 25-S per daily use of union release time, in order to account for time used for the purposes set forth in this Section. The time shall be designated as time chargeable to the Union release time bank or as non-chargeable time.

The City shall provide to the Union a written, itemized accounting of chargeable and nonchargeable time used each month by each local union, and a cumulative total at the end of the 12 month period. Local Union Presidents, Vice Presidents, Stewards, and Union designees will not be required to account for time used that is de minimus in nature and of a short duration of fifteen (15) minutes or less.

Union Presidents, Vice Presidents, Stewards and Union designees shall not conduct union business on City time without permission of the immediate supervisor. The supervisor shall promptly grant a reasonable period of time at the onset of a problem for the Union President, Vice President, Steward, or Union designee to respond to an issue. The Union President, Vice President, Steward, or Union designee must notify the supervisor upon leaving and give an approximate time of return. If the Union President, Vice President, Steward, or Union designee is unable to return at the time given, a call must be made notifying the supervisor of additional time needed.

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES

4

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

10.     The City's policy of deducting vacation time from employees' compensation for the Union Release Time Bank is an official City policy under CBA Article 8(D). The foregoing policy also is a custom knowingly enforced by the City, which systematically deducts vacation time from employees' compensation for the Union Release Time Bank. The City's policy was knowingly ratified by City officials who executed the CBA.

11.     The vacation time that employees must contribute to the Union Release Time Bank comes from the employees' compensation and the deduction of the vacation time results in less compensation for employees.

12.     CBA Article 21(L) sets the value of an hour of vacation time as equal to an employee's standard hourly wage rate by providing that "[e]ach member of the AFSCME bargaining unit shall have the right to purchase up to forty (40) hours of vacation time in a 12 month period at their standard hourly rate if the employee has less than 80 hours of vacation time accrued at the time of purchase."

13.     The vacation time that employees are required to contribute to the Union Release Time Bank is used to support AFSCME's expressive activities, such as "conducting Union business related to contract administration, representation of bargaining unit members, education seminars and trainings, and other forms of Union business." CBA Art. 8(D).

14.     CBA Article 8(D) compels employees, as a condition of their employment, to financially support AFSCME and its expressive activities because, among other things, CBA Article 8(D): (a) requires employees to contribute their vacation time to subsidize the expressive activities of AFSCME's agents, and; (b) reduces the compensation AFSCME would otherwise have to pay its agents to engage in those activities, thereby allowing AFSCME to engage in more expressive activity than it otherwise could absent the vacation-hour subsidy.

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES

5

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

15.    In letters dated July 12, 2021, Lascano notified both AFSCME and the City that she resigned her union membership and objected to financially supporting the union.

16.    In a letter dated July 27, 2021, AFSCME responded to Lascano's resignation letter by informing Lascano that AFSCME accepted her membership resignation and would instruct the City to "cease deductions" from Lascano.

17.    Starting with Lascano's August 7, 2021 paycheck, the City ceased deducting union dues from Lascano's wages. The City and AFSCME, however, continued to deduct from Lascano's compensation vacation time for the Union Release Time Bank. The City and AFSCME deducted 0.2 hours of Lascano's accrued vacation time for the Union Release Time Bank from her August 7, 2021, August 21, 2021, September 4, 2021, September 18, 2021, and October 2, 2021 paychecks. The City itemized these deductions on Lascano's paycheck as "Donated Union Time Bank."

18.    Lascano did not affirmatively consent to having her accrued vacation time deducted from her compensation and transferred to AFSCME's agents via the Union Release Time Bank. Lascano opposes these deductions and opposes having to subsidize AFSCME and its expressive activities in this manner.

19.    On October 12, 2021, Lascano emailed Maya Williams, Senior Administrative Specialist at the Cincinnati Health Department, and asked why vacation time continued to be deducted from her compensation and transferred to the Union Release Time Bank after she resigned her AFSCME membership. Williams posed Lascano's question to Chanel Neely, Supervising Accountant for the City of Cincinnati, asking: "When an employee leaves AFSCME, when does the DUB [donated union time] end?" Neely responded: "If the employee no longer

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES

6

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

pays dues, they are just a non-dues paying member and are still required to donate because they are still represented by the union."

20.     The City and AFSCME deducted vacation time for the Union Release Time Bank from Lascano's compensation in January and February 2022 and, on information and belief, will continue to take her vacation time until four (4) hours are taken for 2022.

21.     On information and belief, the City and AFSCME enforce CBA Article 8(D) against other employees who are not AFSCME members by deducting from their compensation vacation time for the Union Release Time Bank without those employees' affirmative consent.

22.     Pursuant to CBA Article 8(D), the City and AFSCME compel employees who are not AFSCME members to financially support AFSCME's expressive activities as a condition of their employment.

23.     On information and belief, the City and AFSCME will continue to deduct vacation time for the Union Release Time Bank from the compensation of Lascano and other employees who are not AFSCME members until enjoined by this Court.

## CLASS ALLEGATIONS

24.     Plaintiff brings this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for themselves and for all others similarly situated, and any subclasses deemed appropriate by this Court. The class consists of all individuals employed by the City who had vacation time deducted from their compensation for the Union Release Time Bank without their affirmative consent and at times during which they were not members of AFSCME. The class includes everyone who comes within the class definition at any time from three (3) years prior to the commencement of this action until the conclusion of this action.

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES

7

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

25.     Upon information and belief, there are over a hundred class members. Their number is so numerous that joinder of all class members is impractical.

26.     There are questions of law and fact common to all class members, including Plaintiff. Factually, all class members had vacation time deducted from their compensation for the Union Release Time Bank without their affirmative consent and at times during which they were not members of AFSCME.  The question of law is the same for all class members: Do these deductions violate Plaintiff's and class members' First Amendment rights?

27.     Plaintiff's claims are typical of other members of the class because Lascano had vacation time deducted from her compensation for the Union Release Time Bank without her affirmative consent and at times during which she was a nonmember of AFSCME. Like other members of the proposed class, Lascano was compelled to financially support AFSCME's expressive activities in violation of her First Amendment rights.

28.     Plaintiff can fairly and adequately represent the interests of the class and has no interests that are antagonistic to proposed class members.

29.     Defendants have acted to deprive Plaintiff of her constitutional rights on grounds generally applicable to all class members, thereby making appropriate declaratory, injunctive, and other equitable relief with regard to the class as a whole.

30.     Plaintiff is represented by the undersigned counsel *pro bono*. Counsel are employed by long-established charitable organizations experienced in furnishing representation to unionized public employees whose constitutional rights have been violated.

31.     A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on whether the City and AFSCME, by

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES

8

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

seizing vacation time from class members for a Union Release Time Bank, violate class members' First Amendment rights.

32.    A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of vacation hour deductions in the aforementioned circumstances will, as a practical matter, be dispositive of the interests of all class members.

33.    A class action can be maintained under Rule 23(b)(3). Questions of law or fact common to class members predominate over any questions affecting only individual members, such as the common dispositive legal question of whether Defendants violated class members' First Amendment rights by compelling them to subsidize, through mandatory deductions of their vacation time, the expressive activities of AFSCME's agents. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because class members were deprived of the same right by Defendants' actions, differing only in the amount of vacation time seized from each class member. This amount is known to the Defendants and easily calculated from Defendants' business records. The limited amount and value of the vacation time seized from each individual class member would make it unduly burdensome for class members to maintain separate actions to seek a return of the vacation time wrongfully seized from them.

**CLAIM FOR RELIEF**
**First Amendment, through 42 U.S.C. § 1983**

34.    Plaintiff incorporates by reference and re-alleges herein all Paragraphs above.

35.    The City and AFSCME act jointly and under color of state law, including Ohio Revised Code § 4117.10(A), by maintaining and enforcing CBA Article 8(D), by deducting vacation time from employees' compensation for the Union Release Time Bank, and by using

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,                    9
AND DAMAGES

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

release time from the Union Release Time Bank to compensate AFSCME's agents for engaging in expressive union activities.

36.    AFSCME is a state actor because, among other reasons, it acts jointly with the City to maintain and enforce CBA Article 8(D), to cause vacation time to be deducted from employees' compensation for the Union Release Time Bank, and uses release time from the Union Release Time Bank to compensate AFSCME's agents for engaging in expressive union activities.

37.    Defendants compel Plaintiff and class members to financially support AFSCME's expressive activities, as a condition of their employment and without their consent, by deducting from their compensation vacation time for the Union Release Time Bank, which subsidizes AFSCME's expressive activities. By and through this and related actions, Defendants violate Plaintiff's and class members' First Amendment right to free speech and association, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

38.    CBA Article 8(D) is unconstitutional as applied to employees who are not members of AFSCME and who did not affirmatively consent to financially supporting AFSCME's expressive activities.

39.    Plaintiff and class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being compelled to financially support AFSCME's expressive activities.

## PRAYER FOR RELIEF

40.    Plaintiff incorporates by reference and re-alleges herein all Paragraphs above.

41.    Plaintiff and class members have been injured as a result of Defendants' above-described conduct and request the following relief:

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

42.     **Declaratory Judgment**: enter a Declaratory Judgment that the City and AFSCME violate the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by maintaining and enforcing CBA Article 8(D) against Plaintiff and class members and by compelling Plaintiff and class members to financially support AFSCME's expressive activities by deducting from their compensation vacation time for the Union Release Time Bank.

43.     **Preliminary injunction:** issue a preliminary injunction enjoining Defendants from enforcing CBA Article 8(D) against Plaintiff and class members and from compelling Plaintiff and class members to financially support AFSCME's expressive activities by deducting from their compensation vacation time for the Union Release Time Bank;

44.     **Permanent injunction:** issue a permanent injunction enjoining Defendants from engaging in any activity this Court declares illegal, including but not limited to, maintaining and enforcing CBA Article 8(D) against Plaintiff and class members and compelling Plaintiff and class members to financially support AFSCME's expressive activities by deducting from their compensation vacation time for the Union Release Time Bank;

45.     **Retroactive Relief:** enter a judgment against Defendants awarding Plaintiff and class members compensatory damages in an amount equal to all the vacation time unlawfully deducted from them for the Union Release Time Bank, with interest, or, alternatively restitution of their vacation time or nominal damages;

46.     **Costs and attorneys' fees:** award Plaintiff costs and reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988; and

47.     **Other relief:** grant Plaintiff such other and additional relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES

11

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all

claims asserted in this complaint so triable.

Dated: February 24, 2022

By: _____

James G. Abernathy, Ohio Bar #0086819
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
p. 360.956.3482
f. 360.352.1874
JAbernathy@freedomfoundation.com

*Attorney for Plaintiff*

William L. Messenger
Angel J. Valencia
(Pro Hac Vice Motions to be filed)
National Right to Work Legal Defense
  Foundation
8001 Braddock Road, Suite 600
Springfield, VA 22160
Tel (703) 321-8510
wlm@nrtw.org; ajv@nrtw.org

CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES

12

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874